IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE L. LUTZ, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-cv-00341-O |
| | § | |
| BILL E. WAYBOURN, SHERIFF, | § | |
| TARRANT COUNTY, PAUL DUNCAN, | § | |
| DIRECTOR, JPS HOSPIAL, DR. JOHN | § | |
| MILLS, CORR. HEALTH MED. DIR. | § | |
| JPS HOSP., JOEL FITZGERALD, CHIEF, | § | |
| FT. WORTH P.D., | § | |
| Defendants. | § | |

---

## DEFENDANT BILL E. WAYBOURN'S
## MOTION TO DISMISS AND BRIEF IN SUPPPORT

---

**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil Division
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT**
**BILL E. WAYBOURN**

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................. ii

I.   MOTION TO DISMISS ....................................................................................1

   A.  Summary of the Claims Asserted ..............................................................1

   B.  Federal Rule of Civil Procedure 12(b)(4), (5), & (6) Grounds for Dismissal .............2

II.  BRIEF OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ................................3

   A.  Standards for Rule 12(b)(6) Motions........................................................3

   B.  The Grounds for Dismissal .....................................................................4

      1.  Sheriff Bill Waybourn is not liable simply for being the Sheriff
         of Tarrant County, Texas ..................................................................4

      2.  Lutz has not pleaded sufficient facts to state a claim that Sheriff
         Waybourn acted with deliberate indifference ........................................5

      3.  To the extent that Lutz is suing Sheriff Waybourn in his official capacity,
         Lutz has failed to state a plausible municipal liability claim..................8

         a.  Monell *Element 2*:  *Official Policy or Custom* ...............................8

         b.  Monell *Element 3*:  *A violation of constitutional rights whose "moving
            force" is the custom or practice*.......................................................11

      4.  Lutz has failed to state a plausible section 1983 claim for malicious
         prosecution ..................................................................................11

      5.  Bill Waybourn is entitled to qualified immunity for the claims asserted
         against him in his individual capacity.................................................12

      6.  Process and service of process were insufficient.................................13

III. CONCLUSION ............................................................................................13

Signature ......................................................................................................14

Certificate of Service .....................................................................................15

# TABLE OF AUTORITIES

**Page(s)**

**Federal Cases**

*Albright v. Oliver,*
510 U.S. 266 (1994)................................................................................12

*Anderson v. U.S. Dep't of Hous. & Urban Dev.,*
554 F.3d 525 (5th Cir. 2008) ...................................................................3

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................3, 4, 5

*Batiste v. Theriot,*
458 Fed. Appx. 351 (5th Cir. 2012) (per curiam) ..................................10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..............................................................................3, 9

*Bell v. Wolfish,*
441 U.S. 520 (1979)..................................................................................6

*Bennett v. City of Slidell,*
728 F.2d 762 (5th Cir. 1984) ...................................................................9

*Blackburn v. City of Marshall,*
42 F.3d 925 (5th Cir. 1995) .....................................................................4

*Burkett v. City of Haltom City,*
No. 4:14-cv-1041-A, 2015 WL 3988099 (N.D. Tex. June 30, 2015)
(McBryde, J.) ............................................................................................9

*Cantrell v. City of White Settlement,*
No. 4:18-cv-674-A, 2018 WL 5258060 (N.D. Tex. Oct. 22, 2018)
(McBryde, J.) ....................................................................................13, 14

*Connick v. Thompson,* 563 U.S. 51 (2011) ................................................10

*Castellano v. Fragozo,*
352 F.3d 939 (5th Cir. 2003) (en banc) .................................................12

*Cornish v. Corr. Servs. Corp.,*
402 F.3d 545 (5th Cir. 2005) ...................................................................5

*Delta Steamships Lines, Inc. v. Alban,*
768 F.2d 728 (5th Cir. 1985) .................................................................13

*Domino v. Tex. Dep't of Criminal Justice,*
    239 F.3d 752 (5th Cir. 2001) ..................................................................6

*Flagg Bros., Inc. v. Brooks,*
    436 U.S. 149 (1978)...............................................................................5

*Fraire v. City of Arlington,*
    957 F.2d 1268 (5th Cir. 1992) ..............................................................8

*Gonzalez v. Kay,*
    577 F.3d 600 (5th Cir. 2009) ................................................................4

*Gray v. Brazoria Cnty.,*
    No. 3:16-cv-109, 2017 WL 713797 (S.D. Tex. Feb. 23, 2017)............10

*Hare v. City of Corinth,*
    74 F.3d 633, 645, 649–50 (5th Cir.1996) (en banc) ............................6

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)..............................................................................12

*Hill v. N. Tex. State Hosp.,*
    CIV. 7:09-CV-158-O, 2010 WL 342227 (N.D. Tex. Jan. 26, 2010)
    (O'Connor, J.) .......................................................................................13

*Jacobs v. W. Feliciana Sheriff's Dep't,*
    228 F.3d 388 (5th Cir. 2000) ................................................................6

*Jolly v. Klein,*
    923 F. Supp. 931 (S.D. Tex. 1996) ........................................................4

*Languirand v. Hayden,*
    717 F.2d 220 (5th Cir. 1983) ................................................................9

*Linicomn v. City of Dallas,*
    No. 3:14-cv-0777-D, 2015 WL 5664265 (N.D. Tex. Sept. 25, 2015)....8

*Livadas v. Bradshaw,*
    512 U.S. 107 (1994)...............................................................................5

*Manis v. Lawson,*
    585 F.3d 839 (5th Cir. 2009) ..............................................................12

*Manuel v. City of Joliet, Ill.,*
    —— U.S. ——, 137 S. Ct. 911 (2017)..................................................12

*Meyer v. Coffey,*
    231 F. Supp. 3d 137 (N.D. Tex. 2017) ...........................................10, 11

iii

*Monell v. New York City Department of Social Service*s,
    436 U.S. 658 (1978)............................................................................3, 8, 11

*Murphy v. Kellar,*
    950 F.2d 290 (5th Cir. 1992) .......................................................................4

*Okla. City v. Tuttle,*
    471 U.S. 808 (1985)...................................................................................10

*Oliver v. Scott,*
    276 F.3d 736 (5th Cir. 2002) .......................................................................4

*Piotrowski v. City of Houston,*
    237 F.3d 567 (5th Cir. 2001) ...................................................................8, 11

*R2 Invs. LDC v. Phillips,*
    401 F.3d 638 (5th Cir. 2005) .......................................................................3

*Roberts v. City of Shreveport,*
    397 F.3d 287 (5th Cir. 2005) .......................................................................6

*Rodriguez v. Avita,*
    871 F.2d 552 (5th Cir. 1989) .......................................................................9

*Spiller v. City of Tex. City, Police Dep't,*
    130 F.3d 162 (5th Cir.1997) ........................................................................8

*Tamez v. Manthey,*
    589 F.3d 764 (5th Cir. 2009) .......................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)......................................................................................4

*Thompkins v. Belt,*
    828 F.2d 298 (5th Cir. 1987) ................................................................4, 5, 7

*Thompson v. Upshur Cnty.,*
    245 F.3d 447, 459 (5th Cir. 2001) ...............................................................7

*Wesson v. Oglesby,*
    910 F.2d 278 (5th Cir. 1990) .....................................................................10

*Winfrey v. Rogers,*
    901 F.3d 483 (5th Cir. 2018) .....................................................................12

**Federal Statutes**

42 U.S.C. § 1983.................................................................................. *passim*

**State Statutes**

TEX. HEALTH & SAFETY CODE ANN. § 281.0286 (West 2017)......................................................10

**Rules**

FED. R. CIV. P. 4(c)(2) ...........................................................................................................13

FED. R. CIV. P. 4(e) ...............................................................................................................13

FED. R. CIV. P. 12(b)(4) ..................................................................................................2, 3, 13

FED. R. CIV. P. 12(b)(5) .....................................................................................................2, 13

FED. R. CIV. P. 12(b)(6) ................................................................................................. *passim*

TEX. R. CIV. P. 106(a)(2) ......................................................................................................13

TEX. R. CIV. P. 103...............................................................................................................13

**Constitutional Provisions**

TEX. CONST. art. IX, § 4.......................................................................................................10

U.S. CONST. art. XIV ..............................................................................................................6

v

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE L. LUTZ, | § | |
|         Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18-cv-00341-O |
| | § | |
| BILL E. WAYBOURN, SHERIFF, | § | |
| TARRANT COUNTY; PAUL DUNCAN, | § | |
| DIRECTOR, JPS HOSPIAL; DR. JOHN | § | |
| MILLS, CORR. HEALTH MED. DIR. | § | |
| JPS HOSP.; JOEL FITZGERALD, CHIEF, | § | |
| FT. WORTH P.D. | § | |
|         Defendants. | § | |

---

**DEFENDANT BILL E. WAYBOURN'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

---

TO THE HONORABLE JUDGE REED O'CONNOR:

COMES NOW Defendant Bill E. Waybourn and hereby files this his Motion to Dismiss and Brief in Support.

## I. MOTION TO DISMISS

### A.    Summary of the Claims Asserted

On May 7, 2018, Plaintiff filed this action (Doc. 1). He has named as Defendants Bill E. Waybourn (Sheriff of Tarrant County), Paul Duncan (alleged director of JPS), Dr. John Mills (alleged correctional health medical director of JPS), and Joel Fitzgerald (Chief of the Fort Worth Police Department) (*Id*.). Lutz later filed an "Addendum to Original Complaint with Exhibits" (hereinafter "Addendum") (Doc. 5). Altogether, Lutz has filed 50 mostly-handwritten pages that are extremely difficult to follow or understand (Doc. 1, 5).

Lutz, a convicted sex offender, complains that, after he suffered a stroke in 2015, he was arrested for failing to register as a sex offender (Doc. 1, PageID 1, Doc. 5, PageID 63). He makes a series of allegations about the conditions of his confinement in the Tarrant County Jail and the Mansfield Detention Center and the medical care he received in both locations (*Id.* generally). In his Addendum, Lutz reiterates these same allegations, as well as complaining at length about his currently pending criminal proceeding (Doc. 5).

It is unclear whether the four named individuals (Waybourn, Duncan, Mills, and Fitzgerald) have been sued in their individual or official capacities. Moreover, despite naming these individuals, Lutz complains throughout his Complaint and Addendum not about these four individuals, but about Tarrant County, Mansfield, JPS, and the Fort Worth Police Department (*Id.*). Indeed, with respect to Sheriff Waybourn, Lutz alleges that he only "named the Sheriff, as he is the chief officer of the jail system, . . . [who] sets the polices and training for employees of the jail" (Doc. 1, PageID 10-11).

Lutz appears to be asserting two claims against Sheriff Waybourn. First, although Lutz acknowledges that the Tarrant County Hospital District (commonly known as JPS) provides medical care to Tarrant County Jail inmates, he contends that Sheriff Waybourn provided constitutionally inadequate medical care to Lutz (Doc. 1, PageID 11, Doc. 5, PageID 49). Second, Lutz appears to be asserting a malicious prosecution claim (Doc. 1, PageID 11). Presumably, Lutz is bringing these claims under 42 U.S.C. § 1983.

## B.    Federal Rule of Civil Procedure 12(b)(4), (5), & (6) Grounds for Dismissal

Plaintiff Joe L. Lutz's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), & (6) on any one or more of the following grounds:

1.    Bill E. Waybourn cannot be found liable simply for being the Sheriff of Tarrant County, Texas;

2.    Lutz has not pleaded plausible individual capacity claims against Bill E. Waybourn because he was not personally involved, did not personally participate in, and did not act with deliberate indifference to the acts/omissions Lutz complains of in his Complaint;

3.    Lutz has not pleaded a plausible official capacity claim against Bill E. Waybourn under *Monell v. New York City Department of Social Service*s, 436 U.S. 658 (1978);

4.    Lutz has not pleaded a plausible malicious prosecution claim against Bill E. Waybourn;

5.    Sheriff Bill E. Waybourn is entitled to qualified immunity from the claims asserted against him in his individual capacity; and

6.    Lutz's process and service of process on Bill E. Waybourn were insufficient.

*See* FED. R. CIV. P. 12(b)(4), (5), & (6).

## II.   BRIEF OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### A.    Standards for Rule 12(b)(6) Motions

Lutz's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). Claims must include enough factual allegations "to raise a right to relief above the speculative level . . .." *Twombly*, 550 U.S. at 555.

Courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). "Conclusory allegations or legal conclusions masquerading as

factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a plausible claim to relief. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Furthermore, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

**B.     The Grounds for Dismissal**

Lutz's claims should be dismissed on the following grounds:

**1.     Sheriff Bill Waybourn is not liable simply for being the Sheriff of Tarrant County, Texas**

As stated above, Lutz has sued Bill E. Waybourn simply because he is the Sheriff of Tarrant County, Texas (Doc. 1, PageID 10-11) ("I named the Sheriff, as he is the chief officer of the jail system, . . . [who] sets the polices and training for employees of the jail"). Lutz pleads absolutely no allegations specific to Sheriff Waybourn (*See* Doc. 1 & 5 generally). Lutz improperly asks this Court to find Sheriff Waybourn liable only because he is the Sheriff of Tarrant County.

It is well-settled that section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n. 6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).

Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Iqbal,* 556 U.S. at 679 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, there are no allegations that Sheriff Waybourn personally participated in the wrongs alleged in Lutz's Complaint or Addendum, nor are there any allegations of a causal connection between Sheriff Waybourn's conduct and the alleged constitutional violation.

Lutz's pleadings regarding Sheriff Waybourn constitute nothing more than "the-defendant-unlawfully-harmed-me . . ." type of allegations rejected by the Supreme Court. *See Iqbal*, 556 U.S. at 678. Because Lutz's claims against Sheriff Waybourn are not facially plausible, they should be dismissed. *See* FED. R. CIV. P. 12(b)(6).

> **2.    Lutz has not pleaded sufficient facts to state a claim that Sheriff Waybourn acted with deliberate indifference**

Lutz sued Sheriff Bill Waybourn under section 1983 for the alleged denial of adequate medical care (Doc. 1, PageID 6-11). Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, a plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Because he was a pretrial detainee, Lutz's claims of inadequate medical care arise under Fourteenth Amendment. Pretrial detainees have a constitutional right not to have confining officials treat their serious medical needs with deliberate indifference, under the Due Process Clause of the Fourteenth Amendment. *See Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000) ("Unlike convicted prisoners, whose rights to constitutional essentials like medical care and safety are guaranteed by the Eight[h] Amendment, pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provision of these same basic needs." (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

To demonstrate subjective deliberate indifference, a plaintiff must present evidence: "(1) that each defendant had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn, (2) that each defendant actually drew that inference; and (3) that each defendant's response to the risk indicates that the [defendant] subjectively intended that harm occur." *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009) (citation and internal quotation marks omitted). Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *See Hare v. City of Corinth*, 74 F.3d 633, 645, 649–50 (5th Cir.1996) (en banc) (citations omitted). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Lutz has not named any individual jail officials to assert the claim that they were deliberately indifferent to his serious medical need. Moreover, Lutz has not pleaded sufficient facts under any of the three factors detailed above to demonstrate deliberate indifference. *See Tamez*, 589 F.3d at 770.

As aforementioned, Lutz appears to be bringing a section 1983 supervisory liability claim against Sheriff Waybourn. "Under [42 U.S.C. § 1983 ("Section 1983")], supervisory officials are

not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303 (citations omitted); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted). Where, as here, a sheriff is not personally involved in the acts that allegedly deprived the plaintiff of his constitutional rights, that sheriff is liable under Section 1983 if: "1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted).

"Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.* (citations omitted). Generally, the plaintiff must demonstrate at least a pattern of similar violations. *Id.* (citation omitted). Moreover, "the inadequacy of training must be obvious and obviously likely to result in a constitutional violation." *Id.* (citations omitted).

Lutz has failed to plead sufficient facts that Sheriff Waybourn was deliberately indifferent to his responsibility to train or supervise his staff or to show a causal connection between a failure to train/supervise and Lutz's allegedly violated rights. Further, "[p]roof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." *Id.* (citations omitted). Here, Lutz's Complaint and Addendum do not contain any allegations of inadequate training or supervision or a pattern of similar alleged violations beyond his own alleged circumstances (Doc. 1 & 5). As such, Lutz has failed to plead facially plausible section 1983 claims against Sheriff Waybourn, and those claims should be dismissed under rule 12(b)(6).

3. **To the extent that Lutz is suing Sheriff Waybourn in his official capacity, Lutz has failed to state a plausible municipal liability claim**

It is clearly established that a suit against a governmental official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell*, 436 U.S. at 690 n.55. Thus, if Lutz is suing Sheriff Bill Waybourn in his official capacity, then that claim is one against Tarrant County itself. Any such claim should be dismissed because Lutz has not pleaded a viable claim under *Monell*. *See* FED. R. CIV. P. 12(b)(6).

Tarrant County "is a 'person' subject to suit under § 1983 under certain circumstances." *Linicomn v. City of Dallas*, No. 3:14-cv-0777-D, 2015 WL 5664265, at *2 (N.D. Tex. Sept. 25, 2015) (citing *Monell*, 436 U.S. at 690). More specifically, "municipal liability under [§] 1983 requires proof of three elements: a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). For that reason, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (internal footnote omitted). In other words, a liability theory of respondeat superior will not do—a municipality may be held liable only if a constitutional right was deprived under the aegis of an official policy or custom. *See Linicomn*, 2015 WL 5664265, at *2.

a. **Monell** *Element 2: Official Policy or Custom*

Proving municipal liability under the theory of an unconstitutional policy, practice, or custom requires that plaintiff plead an official policy or custom. *See Spiller v. City of Tex. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir.1997) ("[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts"); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (holding

a city's failure to discipline a police officer for an isolated incident involving the alleged use of excessive force to effect an arrest did not give rise to an inference that the city had an official policy authorizing or encouraging police misconduct); *Rodriguez v. Avita*, 871 F.2d 552, 554–55 (5th Cir. 1989) (same); *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy."); *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983) (holding a section 1983 plaintiff asserting police misconduct must allege a "pattern of similar incidents in which citizens were injured or endangered" by policy-consistent misconduct or that serious incompetence or misbehavior was general or widespread throughout the police force).

Here, Lutz alleges that Sheriff Waybourn "sets the policies and training for employees of the jail" (Doc. 1, PageID 11). Lutz posits as follows:

> In my opinion, the officers at the jail lack a great deal of human decency when a person with serious medical problems is left [?] in their "care," and they show deliberate indifference to the situation. Maybe they were trained to be callous. Maybe their rules, policies, or duties are too rigidly enforced, or perhaps there are no policies to be found concerning medical.

(*Id*.). These allegations lack any factual detail and do not "raise a right to relief above the speculative level . . . ." *See Twombly*, 550 U.S. at 555; *see also Burkett v. City of Haltom City*, No. 4:14-cv-1041-A, 2015 WL 3988099, at *2 (N.D. Tex. June 30, 2015) (McBryde, J.) (dismissing constitutional claims against city because the plaintiff failed to identify a policymaker, an official policy, or a violation of constitutional rights brought about by such policy or custom).

Lutz has not alleged any specific facts demonstrating a policy or a widespread pattern or longstanding custom or practice on the part of Tarrant County Sheriff's Department of not providing medical care. Indeed, Lutz concedes that JPS (which is distinct legal entity from Tarrant

County)[1] provides the medical care to Tarrant County inmates. *See Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) ("We first note the fundamental inconsistency between Wesson's statement in his pleadings below that the defendants escorted him to the prison infirmary, and his claim that these same defendants denied him access to medical treatment.").

The Fifth Circuit is clear that "a plaintiff may not infer a policy 'merely because harm resulted from some interaction with a government entity,' and instead must identify the policy or custom that caused the violation." *Batiste v. Theriot*, 458 Fed. Appx. 351, 358 (5th Cir. 2012) (per curiam) (quoting *Colle*, 981 F.2d at 245); *see also Gray v. Brazoria Cnty.*, No. 3:16-cv-109, 2017 WL 713797, at *9 (S.D. Tex. Feb. 23, 2017) (granting motion to dismiss where the crux of plaintiff's claims was that jail employees failed to following existing policies, rather than pointing to a county policy, custom, or practice that caused the inmate's death). Moreover, even if Lutz's isolated-act allegations were true (which Sheriff Waybourn denies), Lutz fails "to show that this is a continuing or repeated failure, and the Supreme Court has held that a single incident, standing along, is usually insufficient as a matter of law to establish" municipal liability. *See Batiste*, 458 Fed. Appx. at 358 (citing *Connick v. Thompson*, 563 U.S. 51, 63-65 (2011) (holding that a district attorney's office cannot be held liable for failing to train its prosecutors when the plaintiff proves only a single violation that has allegedly arisen from the inadequate training); *Okla. City v. Tuttle*, 471 U.S. 808, 821–22 (1985)).

Purported policies, customs, practices, and procedures cannot be hypothesized or pulled out of thin air. *See Meyer v. Coffey*, 231 F. Supp. 3d 137, 149 (N.D. Tex. 2017). Accordingly, because Lutz has failed to allege a cause of action under section 1983 against Sheriff Waybourn

---

[1] *See* TEX. CONST. art. IX, § 4 (authorizing the creation of county-wide Hospital District in certain counties); TEX. HEALTH & SAFETY CODE ANN. § 281.0286 (West 2017) (Tarrant County Hospital District).

in his official capacity, that claim should be dismissed. *See id.* ("Conclusory allegations of 'customs, practices, or procedures' are not sufficient.").

> b. **Monell *Element 3*:** *A violation of constitutional rights whose "moving force" is the custom or practice*

Lutz also inadequately pleaded the third element of his section 1983 claim – that there was a violation of constitutional rights whose moving force was Tarrant County's policy or custom – because he has inadequately pleaded the policy or custom element. *See Piotrowski*, 237 F.3d at 578. The third element requires a plaintiff to "show both culpability and a direct causal link between the municipal policy and the constitutional violation." *Meyer*, 231 F. Supp. 3d at 149. Here, because Lutz failed to identify an official policy, custom, or practice promulgated by a Tarrant County policymaker (such as Sheriff Waybourn), he is "unable to identify any causal link between the alleged policy and the alleged constitutional violation." *Id.*

In sum, Lutz needed to plead enough facts to state a claim for relief that was plausible on its face. But he fell short in pleading the second and third *Monell* elements needed to state a section 1983 claim against Tarrant County. On that basis, Sheriff Waybourn requests that this Court dismiss Plaintiffs' section 1983 official-capacity claims against Sheriff Waybourn for failing to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

### 4. Lutz has failed to state a plausible section 1983 claim for malicious prosecution

In several places in his Complaint and Addendum, Lutz states that he is pursuing a malicious prosecution claim (Doc. 1, PageID 11, Doc. 5, PageID54-59). This claim is not facially plausible.

For one thing, there are no allegations specific to Sheriff Waybourn. Moreover, even if there were allegations specific as to Sheriff Waybourn, the claim would still be defective. The Fifth Circuit has recently reaffirmed that there generally is no "freestanding constitutional right to

be free from malicious prosecution." *See Winfrey v. Rogers*, 901 F.3d 483, 491-92 (5th Cir. 2018) (citing *Manuel v. City of Joliet, Ill.*, ⸺ U.S. ⸺, 137 S. Ct. 911 (2017); *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Castellano v. Fragozo*, 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc)).

To proceed under section 1983, a malicious prosecution claim must be based on a denial of rights secured under federal law. *Castellano*, 352 F.3d at 942. While the "initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection," those claims are for the "lost constitutional rights" and "are not claims for malicious prosecution." *Id.* at 953–54. Lutz's malicious prosecution claim seems to be premised on his contention that his Fourth Amendment rights were violated by arresting him without probable cause (Doc. 1, PageID 11). However, as the court in *Castellano* explained, "causing charges to be filed without probable cause will not without more violate the Constitution." *Id.* at 953.

Lutz has not and cannot plead a freestanding section 1983 malicious prosecution claim against Sheriff Waybourn. *See id.* Therefore, Lutz's section 1983 malicious prosecution claims against Sheriff Waybourn should be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

### 5.   Bill Waybourn is entitled to qualified immunity for the claims asserted against him in his individual capacity

Qualified immunity is a defense available to government officials to provide them some shield from "undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). A plaintiff must show that an official (1) violated a clearly established constitutional right, and (2) "that right was clearly established at the time of the misconduct[.]" *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). As shown above, Lutz has not pleaded a plausible claim that Sheriff Waybourn violated Lutz's constitutional

rights. Therefore, Sheriff Waybourn is entitled to qualified immunity, and Lutz's claims against Sheriff Waybourn should be dismissed. *See* FED. R. CIV. P. 12(b)(6).

>   6.      **Process and service of process were insufficient**

Sheriff Bill Waybourn also moves to dismiss this action under rules 12(b)(4) & (5). Lutz has not served anyone properly. To the extent that Lutz was intending to name Sheriff Bill Waybourn individually, or in his official capacity, the summons should have so indicated, and Lutz needed to have served him in accordance with rule 4(e). The summons was also required to be served by a person not a party to the action. *See* FED. R. CIV. P. 4(c)(2).

Here, there are no proofs of service on file, but it appears that Lutz himself attempted to send certified mail to Bill Waybourn at the following address: "Tarrant County Dist Atty, 401 E. Belknap, Fort Worth, TX 76102" (Doc. 7, PageID 74). It is clearly not addressed to Sheriff Bill Waybourn's business address. Moreover, there is no indication that Bill Waybourn personally signed for his certified letter.

None of this was proper. *See, e.g., Delta Steamships Lines, Inc. v. Alban*, 768 F.2d 728 (5th Cir. 1985); *Hill v. N. Tex. State Hosp.*, CIV. 7:09-CV-158-O, 2010 WL 342227, at *1 (N.D. Tex. Jan. 26, 2010) (O'Connor, J.) ("Although the State of Texas does permit service of process by certified mail, the plaintiff as a party is not a proper service agent in the absence of an order from the court. Rules 103 and 106(a)(2) of the Texas Rules of Civil Procedure."). Because process and/or service of process was insufficient, this action should be dismissed under rule 12(b)(4) or (5).

>   ### III.  CONCLUSION

This case is similar to that of *Cantrell v. City of White Settlement*, No. 4:18-cv-674-A, 2018 WL 5258060 (N.D. Tex. Oct. 22, 2018) (McBryde, J.). In *Cantrell*, a pro se plaintiff filed a 69-

page document that had "virtually no organization, and appear[ed] to be but a cataloging, in some form or another, of plaintiff's criticisms of persons or events." *Id.*, at *1. The court noted that Cantrell "ha[d] not been satisfied with the treatment he ha[d] received from a number of people in the past, and he has used his 69-page filing to note his responses to that treatment." *Id.* Cantrell did not specify whether Sheriff Waybourn was being sued in his individual capacity or in his official capacity. *Id.* The defendants, including Sheriff Waybourn, filed motions to dismiss premised on the failure of the plaintiff to state a claim upon which relief may be granted. *Id.*, at *2.

The court granted these motions. *Id.*, at *3. In so ruling, the court treated the action as being against Sheriff Waybourn, as well as Tarrant County, Texas (*id.*, at *1), and the court stated that that it was

> unable to find statements of fact that would enable the court to conclude that plaintiff has alleged a plausible claim against any of the movants. Indeed, the court cannot tell with any degree of certainty from the facts alleged in the document the precise nature of any cause of action attempted to be alleged by plaintiff against any of the movants. There is no allegation in the complaint that would . . . overcome the qualified immunity enjoyed by Waybourn as Sheriff of Tarrant County, Texas. Nor are facts alleged against any of the movants that would satisfy the elements of any cause of action against any of the movants or against Tarrant County, Texas.

*Id.*, at *3. Because the same is true in this case with respect to the claims that Lutz has asserted, dismissal of Lutz's claims against Sheriff Bill E. Waybourn is warranted. *See id.*

For the foregoing reasons, Plaintiff, Joe L. Lutz, is not entitled to relief or recovery, and all claims as to Sheriff Bill E. Waybourn, and this action, should be dismissed.

Respectfully submitted,

*/s/ M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANT
BILL E. WAYBOURN**

### <u>CERTIFICATE OF SERVICE</u>

     I certify that a true and correct copy of the above and foregoing document was served upon the following parties and counsel in accordance with the provisions of Rule 5, FED. R. CIV. P., on November 8, 2018:

| | |
|---|---|
| **JOE L. LUTZ** | *Via C.M.R.R.R. 7015 3430 0000 8629 9106* |
| 8101 Boat Club Road | *& First Class U.S. Mail* |
| Ste. 240, PMB 1001 | |
| Fort Worth, TX  76179 | |
| **PLAINTIFF – PRO SE** | |

*/s/ M. Keith Ogle*
**M. KEITH OGLE**